# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC, | § § § | Case No. 2:12-CV-61-JRG-RSP |
| | § | LEAD CASE |
| Plaintiff, | § § | (CONSOLIDATED) |
| v. | § § | |
| WELLS FARGO & CO., | § § | |
| | § | |
| Defendant. | § § | |

## DEFENDANTS' MOTION FOR PROTECTION WITH RESPECT TO PLAINTIFF'S NOTICE OF DEPOSITION OF ERICH SPANGENBERG

**I.     INTRODUCTION**

TQP is attempting to deprive defendants in this consolidated case (the "Wells Fargo Defendants") of the ability to take meaningful discovery of TQP's Founder and Manager, Erich Spangenberg, by, among other things, serving a Deposition Notice on May 30, 2103 for a deposition on June 5, 2013 (the "Spangenberg Notice"), ignoring the Wells Fargo Defendants' objections to scheduling the depositions of TQP's witnesses before TQP substantially completes its document production[1], failing to meet and confer regarding a mutually agreeable date for Mr. Spangenberg's deposition, and endeavoring to unreasonably limit all defendants across multiple separately consolidated cases to one seven-hour deposition. Additionally, TQP has in the last three weeks identified nearly 200,000 additional pages of documents it intends to produce, most of which Defendants were precluded from accessing until May 31, 2013, due to defects in TQP's productions.

Defendants therefore ask this Court to use its powers under FRCP 26(c)(1)(B) to order that the deposition of Mr. Spangenberg not take place in this case until after TQP substantially completes its document production. This will allow for a more meaningful deposition of this witness after the Wells Fargo Defendants have had the opportunity to review these documents and coordinate mutually agreeable deposition date.

**II.    RELEVANT FACTS**

TQP has filed at least 30 currently pending cases. These cases have been consolidated for pretrial purposes into at least three actions. The defendants ("the '248 Defendants) in another consolidated case, *1-800 Flowers,* No. 11-cv-248 ("the '248 case"), served a 30(b)(1) notice of deposition on Erich Spangenberg on April 3, 2013. Ex. A (30(b)(1) Notice of Deposition of Erich

---

[1] And refusing to state *when* TQP will substantially complete its document production.

Spangenberg). The '248 Defendants negotiated with TQP regarding mutually convenient dates for this deposition. As a result of those negotiations, the '248 Defendants and TQP agreed that Mr. Spangenberg would be presented on May 23, 2013 in the '248 case. The Wells Fargo Defendants were not a party to the negotiations or even consulted.

On May 9, 2013, TQP served its initial Notice of Deposition of its own witness, Mr. Spangenberg in the '248 case and in other later-filed consolidated actions for a deposition on May 23, 2013. Ex. B (May 9, 2013 TQP's Notice of Deposition to Erich Spangenberg). TQP never met and conferred with the Wells Fargo Defendants regarding this date.[2]

TQP does not allege that it issued its deposition to take legitimate discovery of Mr. Spangenberg. Instead, TQP's counsel issued the notice of deposition of *its own witness* in an attempt to force the Wells Fargo Defendants to either take the deposition of Mr. Spangenberg on the same day as the '248 Defendants or to forego or substantially limit their opportunity to depose this witness. See Ex. C (Paul Kroeger to Eliza V. Bechtold, May 14, 2013 (stating that "TQP is under no obligation to produce the same witness to answer the same questions over and over again.")). On May 15, 2013, Defendants' sent detailed correspondence to TQP's counsel concerning the deficiencies in its initial Notice of Deposition of Mr. Spangenberg. Ex. D (Eliza V. Bechtold to Paul Kroeger, May 15, 2013)).

On May 20, 2103, Defendant Costco Wholesale Corporation ("Costco") served a subpoena seeking Mr. Spangenberg's deposition on July 1, 2013, or another mutually agreed upon date after TQP completes its document production. ("Spangenberg Subpoena") Ex. E (May 20, 2013 Subpoena to Erich Spangenberg).

---

[2] This situation is further complicated by TQP's incomplete service list for the depositions. At least Wells Fargo was not served with TQP's first 30(b)(1) notice for Mr. Spangenberg.

On May 21, 2013, the parties conducted a telephone conference pursuant to L. R. CV-7(h) regarding, among other things, TQP's Deposition Notice of Mr. Spangenberg. TQP reiterated its refusal to reschedule Mr. Spangenberg's deposition. The following day, less than 24 hours before the date TQP had unilaterally-noticed for Mr. Spangenberg's deposition, TQP cancelled the deposition. Ex. F (May 22, 2013 Email from Adam Hoffman).

Ignoring the Spangenberg Subpoena, TQP served the Spangenberg Notice on May 30, 2013. Ex. G (May 30, 2103 Notice of Deposition of Erich Spangenberg). Once again, The Wells Fargo Defendants were not consulted to see if this was a workable date for the deposition. That same day, the Wells Fargo Defendants informed TQP of their objections to the Spangenberg Notice. Ex. H (May 30, 2013 Email from Scott E. Davis to TQP) TQP continues to refuse to meet and confer with the Wells Fargo Defendants regarding a mutually acceptable date for Mr. Spangenberg's deposition. Ex. I (May 30, 2013 Email from Paul A. Kroeger to Scott E. Davis)

TQP served objections to Costco's subpoena directed to Mr. Spangenberg on June 3. Ex. J (TQP Development, LLC's Objection to Defendant Costco Wholesale Corp.'s Subpoena to Testify at a Deposition in a Civil Action). In its objections, TQP alleges that prior to the Spangenberg Subpoena "the deposition of Erich Spangenberg was previously noticed for June 5, 2013." *Id.* But that is not correct. TQP served the Spangenberg Notice at issue on May 30, 2013, well after Costco served the Spangenberg Subpoena. Once again, instead of conferring with the Wells Fargo Defendants regarding a mutually agreeable date for Mr. Spangenberg's deposition, TQP served the Spangenberg Notice.

Meanwhile, TQP's document production in this case remains incomplete and it is unclear when TQP will meet is discovery obligations. The deadline for substantial completion of document production and exchange of privilege logs passed on May 30, 2013. (D.I. 71) Fact

discovery does not close until August 13, 2013. (*Id.*) Defendants have repeatedly asked TQP to produce categories of documents in its possession, custody, or control. Exhs. K (March 20, 2013 Letter from Scott E. Davis to Paul A. Kroeger detailing deficiencies in TQP's production) and L (April 26, 2013 Email from Eliza V. Bechtold to Judith L. Meadow detailing continuing deficiencies in TQP's production)

As early as April 26, 2013, Costco advised TQP that it could not schedule necessary depositions until TQP completed its document production. Ex. L. Costco also requested a meet-and-confer with TQP on May 13, 2013 regarding TQP's document production so that it could file a motion to compel. Ex. M (May 13, 2013 Letter from Eliza V. Bechtold to Judy L. Meadow requesting a L.R. CV-7(h) meet-and-confer.). Both TQP's lead and local counsel failed to participate in the meet-and-confer. On that call, TQP stated that it would make an additional document production, but did not provide any definite date by which that document production would take place or when its production would be substantially complete.

On May 20, 2013, TQP produced additional documents in this case. TQP's production letter stated that documents were "being produced in PDF format and will be produced in tiff images with database files by next week." Ex. N (May 20, 2013 Letter making production of TQP documents). More than 155,000 page of the Bates range were in a corrupted file that the Wells Fargo Defendants could not access. TQP did not remedy this issue until May 31, 2013. Ex. O (May 31, 2013 email from N. Wilson). TQP made additional productions in PDF format on May 16, May 21, May 22 (twice), May 24, also stating that it would send replacement productions with tiff images and load files at a later time. Exhs. P (May 22, 2013 Letter making production of TQP documents), T (May 22, 2013 Letter making production of TQP documents), Q (May 24, 2013 Letter making production of TQP documents), R (May 21, 2013 Letter making

production of TQP documents), and S (May 16, 2013 Letter making a re-production of TQP documents for many defendants were excluded).

Notwithstanding the above-mentioned defects in these productions, it is unreasonable to produce a large number documents more than doubling the size of TQP's production--on the eve of TQP's preferred deposition dates—despite having been in litigation against several of the Wells Fargo Defendants in Case No. 2:10-cv-446 *since 2010*.

## III. ARGUMENT

1. TQP's deposition notice to Mr. Spangenberg is not for any legitimate discovery.

TQP has no legitimate reason to seek deposition testimony of its Founder and Manager. Instead, TQP's deposition notice is an attempt to force deposition discovery to take place prematurely, precluding the Wells Fargo Defendants from obtaining meaningful and full discovery of this witness. Moreover, TQP does not deny that its notice is to force the defendants in all consolidated actions to take a single deposition of Mr. Spangenberg. See Ex. C (Paul Kroeger to Eliza V. Bechtold, May 14, 2013 (stating that "TQP is under no obligation to produce the same witness to answer the same questions over and over again.")).

Instead of seeking legitimate discovery, TQP's noticed its own witness's deposition to force defendants to obtain leave of Court to take the deposition of this witness after TQP has completed its document production. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Any deposition under TQP's notice to Mr. Spangenberg may also have implications under the various discovery orders in this case.[3]

This is not a situation where a true third party to this action will be burdened by sitting for multiple depositions. Mr. Spangenberg is TQP's Founder and Manager. Ex. U (Plaintiff's Initial

---

[3] There is no single discovery order in the consolidated action. There were, however, discovery orders inplace between TQP and defendants before the cases were consolidated.

5

Disclosures). TQP chose to file multiple cases at different times, causing the various consolidated cases to have differing schedules for discovery. Any discovery burden on Mr. Spangenberg has been caused by TQP itself, and not by the Wells Fargo Defendants. Moreover, there are no looming deadlines or other reasons necessitating that Mr. Spangenberg's deposition take place in the near future.

While the Wells Fargo Defendants have sought to take Mr. Spangenberg's deposition on a mutually agreeable date for all parties, TQP has engaged in a pattern of unilaterally noticing and then cancelling depositions without consulting the Wells Fargo Defendants. *Compare* Ex. L (May 20, 2013 Costco Subpoena to Erich Spangenberg) *with* Exhs. B, F, and G (TQP unilaterally noticing, cancelling, and again noticing the deposition of Mr. Spangenberg). This pattern is not conducive to efficient discovery in this case.

2.      TQP is attempting to deprive the Wells Fargo Defendants of meaningful discovery by forcing the deposition of Mr. Spangenberg to take place before TQP has substantially completed its document production.

TQP has noticed the Spangenberg deposition prior to the substantial completion of its document production. Defendants need TQP's documents to properly prepare for the Spangenberg deposition. Defendants have repeatedly asked for relevant documents. *See, e.g.,* Exhs. K and L  TQP's production to-date is still incomplete. TQP has not offered to present Mr. Spangenberg for deposition again once document production is complete. Ex. I. And, a second deposition would be a burden to all parties. Instead, the least burdensome manner to conduct the Spangenberg deposition in this case is to take this deposition after TQP completes its document production and once the parties have agreed upon a proper date.

3.   TQP is attempting to prevent meaningful discovery by forcing 30 defendants to complete the deposition Mr. Spangenberg in seven hours.

There are currently ten Wells Fargo Defendants, fourteen defendants in the '248 case, and six defendants in the consolidated *TQP Development, LLC v. Northern Trust Corp.*, et al., 2:12-cv-428. Defendants understand that it is common in this judicial district for consolidated cases to include between ten and fifteen defendants. Here, TQP is attempting to unilaterally and improperly consolidate at least 30 defendants for the purposes of deposing TQP's witness, thereby reducing the amount of time provided to each defendant under the Federal Rules. Indeed, at a minimum, each consolidated defendant group is entitled to seven hours with each TQP witness. Moreover, the interests of the defendants in these cases are not identical.

Each defendant is entitled to the opportunity to depose Mr. Spangenberg for an adequate amount of time. Defendants are not making a request, for example, that each defendant be allowed to question each witness for seven hours, although that would have been each defendant's right before the cases were consolidated. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) and 30(d)(1). However, TQP is advancing the unreasonable and impracticable position that all defendants across multiple consolidated cases must complete the deposition of Mr. Spangenberg in a single day. This timing across so many defendants simply does not allow each defendant sufficient time to gather information necessary to fairly adjudicate these cases. Mr. Spangenberg, as Founder and Manager of TQP, is a key witness in this case.

## IV.   CONCLUSION

For the foregoing reasons, Defendants request the Court to order that: pursuant to the subpoena issued by Costco, the deposition of Mr. Spangenberg not take place in this case until after TQP substantially completes its document production.

Respectfully submitted this 4th day of June, 2013:

**COSTCO WHOLESALE CORPORATION**

By: /s/ Scott E. Davis

| | |
|---|---|
| Scott E. Davis (OR Bar No. 022883)<br>scott.davis@klarquist.com<br>John D. Vandenberg (OR Bar No. 893755)<br>john.vandenberg@klarquist.com<br>Philip Warrick (OR Bar No. 116191)<br>philip.warrick@klarquist.com<br>Derrick W. Toddy (OR Bar No. 072043)<br>derrick.toddy@klarquist.com<br>KLARQUIST SPARKMAN, LLP<br>121 S.W. Salmon Street, Suite 1600<br>Portland, Oregon  97204<br>Telephone:  (503) 595-5300<br>Facsimile:  (503) 595-5301 | Deron R. Dacus<br>ddacus@dacusfirm.com<br>Shannon Dacus<br>sdacus@dacusfirm.com<br>THE DACUS FIRM<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas 75701<br>Tel/Fax:  (903) 705-1117<br>Direct dial: (903) 705-7233 |

**GOOGLE, INC.**

By: /s/ Wasif Qureshi

| | |
|---|---|
| Neil J. McNabnay<br>mcnabnay@fr.com<br>Texas Bar No. 24002583<br>Ricardo J. Bonilla<br>rbonilla@fr.com<br>Texas Bar No. 24082704<br>FISH & RICHARDSON, P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone:  (214) 747-5070<br>Facsimile:   (214) 747-2091 | Wasif Qureshi<br>wqureshi@fr.com<br>Texas Bar No. 24048155<br>FISH & RICHARDSON, P.C.<br>1221 McKinney St., Suite 2800<br>Houston, Texas 77010<br>Telephone:  (713) 654-5300<br>Facsimile:   (713) 652-0109 |

**FEDEX TRADE NETWORKS and<br>FEDEX CORPORATE SERVICES, INC.**

By: /s/ David M. Hoffman

| | |
|---|---|
| Katherine Kelly Lutton<br>CA Bar No. 194971<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, California 94063<br>Telephone:  (650) 839-5070<br>Facsimile:   (650) 839-5071<br>lutton@fr.com | David M. Hoffman<br>TX Bar No. 24046084<br>FISH & RICHARDSON P.C.<br>111 Congress Avenue, Suite 810<br>Austin, Texas 78701<br>Telephone:  (512) 226-8154<br>Facsimile:   (512) 320-8935<br>dhoffman@fr.com |

**WELLS FARGO BANK, N.A.**

By: /s/ W. Barton Rankin
     W. Barton Rankin (Lead Counsel)

Texas Bar No.  24037333
bart.rankin@bakermckenzie.com
Jay F. Utley
Texas Bar No.  00798559
jay.utley@bakermckenzie.com
Teresa H. Michaud
Texas Bar No.  24051788
teresa.michaud@bakermckenzie.com
Mackenzie M. DeWerff
Texas Bar No. 24066659
mackenzie.dewerff@bakermckenzie.com
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  (214) 978-3000
Facsimile:   (214) 978-3099

**DISH NETWORK L.L.C.**

By: /s/ G. Hopkins Guy
    G. Hopkins Guy III
    Attorney-in-Charge
    California State Bar No. 124811
    hop.guy@bakerbotts.com
    BAKER BOTTS L.L.P.
    1001 Page Mill Road
    Building One, Suite 200
    Palo Alto, California 94304
    Telephone:  (650) 739-7510
    Facsimile:   (650) 739-7610

    Otis W. Carroll
    Texas State Bar No. 03895700
    otiscarroll@icklaw.com
    IRELAND, CARROLL & KELLEY, P.C.
    6101 South Broadway Avenue, Suite 500
    Tyler, Texas 75703
    Telephone:  (903) 561-1600
    Facsimile:   (903) 581-1071

    Michael Hawes
    Texas State Bar No. 24010761
    michael.hawes@bakerbotts.com
    Ali Dhanani
    Texas State Bar No. 24055400
    ali.dhanani@bakerbotts.com
    BAKER BOTTS L.L.P.
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002
    Telephone:  (713) 229-1234
    Facsimile:   (713) 229-1522

**LOWE'S HOME CENTERS, INC.**

By: /s/ Michael A. Oakes
    Edward F. Fernandes
    Hunton & Williams LLP
    111 Congress Avenue, Suite 1800
    Austin, Texas 78701
    Telephone:  (512) 542-5000
    Facsimile:   (512) 542-5049

    Michael A. Oakes
    Hunton & Williams LLP
    2200 Pennsylvania Ave, NW
    Washington DC 20037
    Telephone:  (202) 955-1500

E-mail: efernandes@hunton.com                Facsimile:  (202) 778-7459
                                             E-mail: moakes@hunton.com

**GILT GROUPE, INC. and ANN INC.**

By: /s/ Charles Edward Phipps
    Charles Edward Phipps                    Gaston Kroub
    Locke Lord LLP - Dallas                  Locke Lord Bissell & Liddell - NYC
    2200 Ross Ave., Suite 2200               3 World Financial Center
    Dallas, Texas 75201-6776                 New York, New York 10281-2101
    Telephone:  (214) 740-8441               Telephone:  (212) 415-8600
    Facsimile:  (214) 740-8800               Facsimile:  (212) 303-2754
    Email: cphipps@lockelord.com             Email: gkroub@lockelord.com

**CABLE ONE, INC.**

By: /s/ Mitchell D. Lukin
    Mitchell D. Lukin                        Michael Charles Smith
    Attorney-in-Charge                       Siebman Burg Phillips & Smith, LLP
    Texas State Bar No. 12678750             P.O. Box 1556
    mitch.lukin@bakerbotts.com               Marshall, Texas 75671-1556
    BAKER BOTTS L.L.P.                       Telephone:  (903) 938-8900
    One Shell Plaza                          Facsimile:  (972) 767-4620
    910 Louisiana St                         Email: michaelsmith@siebman.com
    Houston, Texas 77002-4995
    Telephone:  (713) 229-1733
    Facsimile:  (713) 229-7733

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Dish Network L.L.C and TQP Development, LLC have complied with the meet and confer requirement in Local Civil Rule CV-7(h). This motion is opposed. The personal conference required by this rule was conducted on May 21, 2013 by telephone. Participating for TQP Development LLC, Inc. were James A. Fussell, III (lead and local counsel) and Adam Hoffman. Participating for Costco Wholesale Corporation were Scott E. Davis (lead counsel), Shannon Dacus (local counsel), and Eliza V. Bechtold. Participating for Dish Network L.L.C. were G. Hopkins Guy (lead counsel), Deborah Race (local counsel), Bradley Bowling, and Ali Dhanani. Participating for Lowe's Home Centers, Inc. was Michael A. Oakes. An agreement was not reached because TQP will not withdraw or modify its notice of Mr. Spangenberg and intends to force the Wells Fargo Defendants to take the depositions of these witnesses on the noticed date. The discussions have conclusively resulted in an impasse, leaving for the Court to decide the issue of whether TQP can unilaterally force defendants in multiple consolidated actions to take a single deposition of a TQP witness on a single day. Dish Network L.L.C. and Costco Wholesale Corporation, on behalf of the Wells Fargo Defendants, have conferred with TQP Development L.L.C. in good faith in an attempt to resolve this dispute without Court action.

*/s/* Bradley Bowling
Bradley Bowling

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 4, 2013 a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/  Bradley Bowling\_\_\_\_\_
Bradley Bowling